UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LAKISHA RENEE THOMAS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 7:16-cv-01760-RDP |
| } | |
| **UNITED STATES ARMY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Complaint (Doc. # 1) and the Magistrate Judge's Order (Doc. # 4) that reassigned this case to the undersigned. Plaintiff has been granted *in forma pauperis* status. (Doc. # 4 at 1). But the Magistrate Judge who initially presided over this case has recommended that the court dismiss Plaintiff's Complaint as frivolous and meritless. (*Id.* at 3). After a review of Plaintiff's Complaint and the Magistrate Judge's Order, the court concludes that the complaint is due to be dismissed because it is frivolous *and* fails to state a claim.

In actions where a plaintiff has been granted *in forma pauperis* status, the court is obligated to dismiss the action if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). An action is frivolous if (1) a plaintiff's factual allegations are "clearly baseless" or (2) a plaintiff's legal theory of relief is "indisputably meritless." *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). When determining whether a complaint is frivolous, the court possesses "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[W]ildly implausible allegations in the complaint should not be taken to be true[.]" *Id.*

The court conducts the review required by 28 U.S.C. § 1915(e)(2)(B)(ii) using the standards applied to motions under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

The court concurs with the Magistrate Judge's description and analysis of the complaint, quoted at length below.

> A review of the instant submission reveals fantastic and delusional allegations that fail to state any conceivable claim, are legally frivolous, and lack merit. Plaintiff claims she is the victim of a government attack whereby the walls of her home are "covered with faces of people whom died in the government, the

> Army." (Doc. 1 at 1). The government, she claims, has talked to her "through the television" and follows her to the "present date." (*Id.*). Additionally, she alleges the government attack has occurred at Watergate Apartments where the doors were "barrackaded [sic] with guards and women held skulls." (*Id.*). "People have been electricuted [sic] and burned," she contends. (*Id.*). [Plaintiff] pleads for "release of imprisonment of a government attack." (*Id.*).
>
> Attached to her complaint, [Plaintiff] includes an "Alabama Uniform Incident/Offense Report." (Doc. 1 at 2). . . . Additionally, Thomas attaches what purports to be medical records to her complaint. (Doc. 1 at 5). To the extent these records are credible, they indicate [P]laintiff suffers from psychiatric problems. (*Id.*). While the court is not insensitive to the fact that the [P]laintiff may be clinically delusional, the delusional allegations she has made in an effort to commence this litigation against the United States Government are too fantastic and frivolous to withstand dismissal.

(Doc. # 4 at 3-4). At a bare minimum, Plaintiff's allegations are "wildly implausible" and cannot be accepted as true by the court. *Miller*, 541 F.3d at 1100. Therefore, this action is due to be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Alternatively, the complaint is due to be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint fails to allege which federal statute or provision of the federal Constitution Defendants have violated. (*See* Doc. # 1 at 1). And the court is unable to conceive of a claim for relief that Plaintiff's allegations plausibly fit, even if it were able to accept her allegations as true (and, to be clear, it cannot). *Cf. Kivisto*, 413 F. App'x at 138.

Normally, the court would grant a plaintiff one chance to amend his or her complaint before subjecting it to dismissal. In this case, however, the court finds that granting Plaintiff leave to amend her complaint would be futile because her factual allegations are clearly baseless. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

For these reasons, this action is due to be dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). An order consistent with this opinion will be entered.

**DONE** and **ORDERED** this January 30, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE